## BARRON *v.* MERCURE.

CONVEYANCES—POSSESSION OF DEED—PRESUMPTION OF DELIVERY.
The presumption of the delivery of a deed, arising from its production by the grantee, was, in this case, overcome by evidence showing that it was not delivered when signed, nor for five years thereafter, that a companion deed could not be produced, and that the grantee, after the death of the grantor, made contradictory statements concerning the delivery, and inconsistent with his claim of title.

Appeal from Wayne; Carpenter, J. Submitted October 9, 1902. (Docket No. 26.) Decided March 23, 1903.

Bill by Philimen Barron and others against Joseph Mercure and another to remove a cloud from title. From a decree for complainants, defendants appeal. Affirmed.

*E. R. Gilday*, for complainants.

*Lehmann & Riggs*, for defendants.

MONTGOMERY, J. Complainants and defendants are the heirs at law of Octave Mercure and his wife, Julian Mercure. This bill is filed to remove a cloud on the title to 18 acres of land formerly belonging to Octave Mercure. December 7, 1894, Octave Mercure owned the land in question, and also a house and lot in the township of Brownstown. On that date he executed deeds of both these descriptions of land to his wife, Julian. She in turn signed two deeds, the one conveying the house and lot to a daughter, Emma Roberts, and the other conveying the 18 acres to defendant Joseph. It is undisputed that these last-named conveyances were retained in the custody and control of Mrs. Julian Mercure or her husband for some years, and were certainly not delivered prior to 1899. The deed to Joseph was recorded shortly after his mother's death, in 1900. The deed to Mrs. Roberts was never delivered, and was not found among the effects of Mrs. Mercure. The sole question in the case is whether the deed to Joseph was delivered to him in the mother's lifetime. The circuit judge found that it was not, and granted the relief prayed.

The defendants' counsel insist that the presumption of delivery arising from the fact that Joseph produces the deed has not been overcome. We think otherwise, and agree with the conclusion of the circuit judge. It appears that, for some potent reason, the deed was not delivered when signed, and that its companion deed to Mrs. Roberts is not produced nor accounted for, except on the theory that it was destroyed. It appears that Joseph, after his mother's death, has made contradictory statements as to the circumstances of the claimed delivery, and has made

statements as to the title wholly inconsistent with his present claim.    Enough appears to convince us that there was never a delivery of this deed.

The decree is affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.